UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>        Petitioner,<br><br>    v.<br><br>DAVID BAUGHMAN,<br><br>        Respondent. | No. 2:19-cv-1415 MCE CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. He challenges prisoner disciplinary proceedings occurring April 22, 2015. The result of the proceedings included a finding that petitioner had violated prison rules by fighting and a 90-day loss of sentence credit. ECF No. 11 at 21-27. Respondent argues that the petition is not timely.

Title 28 U.S.C. § 2244(d)(1) provides:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

1

        the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The record reveals that petitioner used the prisoner grievance process at his prison to appeal the April 22, 2015 prisoner disciplinary proceedings finding. That process was complete on May 17, 2016 when petitioner's appeal was denied at the "Director's Level." ECF No. 11 at 13. The decision was "mailed / delivered" to petitioner the next day. Id. at 108. Respondent argues the limitation period began to run under 28 U.S.C. § 2244(d)(1)(D) after administrative remedies were exhausted. Petitioner does not argue against this and the law supports respondent's position. E. g. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). While the record is not clear as to when petitioner actually received notice of the denial of his appeal, petitioner does not dispute he received notice within a reasonable period after the notice was "mailed / delivered."

In light of the foregoing, the court finds that the limitations period began to run, at the latest on Monday, May 23rd, 2016. This action was not commenced by petitioner until July 2, 2019 at the earliest.[1]

Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner challenged the applicable disciplinary proceedings at all three levels of California's courts. Respondent concedes petitioner is entitled to tolling from the day he filed his first petition, September 18, 2016 (ECF No. 11 at 62), until his final petition was rejected by the

---

[1] A document submitted to a federal court by a prisoner is deemed filed on the day the document is given to a prison official for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). Petitioner does not indicate when that occurred with respect to his petition for writ of habeas corpus, but the petition was signed on July 2, 2019. ECF No. 1 at 15.

California Supreme Court on July 25, 2018 (ECF No. 1 at 27). This would only provide petitioner with approximately 22 months of tolling, well short of the approximately 25 months needed.

Petitioner asserts that he is entitled to an additional 90 days of tolling following the denial of his California Supreme Court petition because, during that period of time, he could have sought a writ of certiorari in the United States Supreme Court. With respect to a California criminal conviction which defendant appealed and then sought review of the denial of the appeal in the California Supreme Court, direct review concludes pursuant to 28 U.S.C. § 2244(d)(1)(A) when time expires for petitioner to file a petition for writ of certiorari in the United States Supreme Court concerning the denial of the petition for review. See Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir.1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). In this instance, however, petitioner's conviction is not at issue and there is no provision under federal law permitting petitioner to seek a writ of certiorari regarding the denial of state petition for collateral review. Also, respondent is correct that there is nothing in 28 U.S.C. § 2244(d)(2) suggesting that tolling is available while a federal action is pending.

For all the foregoing reasons, the court will recommend that respondent's motion to dismiss be granted, and petitioner's application for a writ of habeas corpus be dismissed as time-barred.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted; and
2. Petitioner's application for a writ of habeas corpus be dismissed as time-barred; and
3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

3

"Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 7, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hill1415.sol